UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD CHAUN LOYER,<br><br>   Petitioner,<br><br>   v.<br><br>STIRLING PRICE,<br><br>   Respondent. | Case No. 2:23-cv-05131-FWS-RAO<br><br>ORDER OF SUMMARY DISMISSAL AND DENIAL OF CERTIFICATE OF APPEALABILITY |

Petitioner Clifford Chaun Loyer, a California pretrial detainee proceeding *pro se*, initiated this federal habeas action by filing a handwritten Petition for Writ of Habeas Corpus ("Petition") on June 22, 2023. Dkt. No. 1. The Court has reviewed the Petition and determines that it fails to state a cognizable claim for federal habeas relief. For the reasons stated below, the Court dismisses the case without prejudice and denies a certificate of appealability.

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court may dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Because Petitioner is in pre-trial detention, not in custody as the result of a final judgment from a state court, the Petition is properly construed as arising under 28 U.S.C. § 2241. The Rules Governing Section 2254 cases also may be

applied to habeas corpus actions filed under section 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases.

A federal court, in conducting habeas review, is limited to deciding whether a state court decision violates the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, 562 U.S. 216, 219, 131 S. Ct. 859, 178 L.Ed.2d 732 (2011) (per curiam); *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L.Ed.2d 285 (1991). Summary dismissal of a habeas action is appropriate where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9h Cir. 1990) (citation omitted).

Here, the Court has screened the Petition and finds it is clear from its face that Petitioner is not entitled to habeas relief. Largely unintelligible, the Petition has no identifiable grounds for relief nor does it plead any supporting facts. The Court notes that Petitioner has filed another habeas action, *Loyer v. Black*, Case No. 2:23-cv-06080 FWS (RAO) (C.D. Cal. filed July 24, 2023), which remains pending. In that separate action, Petitioner is challenging his unlawful detention at Atascadero State Hospital. To the extent Petitioner also wishes to challenge his unlawful detention in the instant action, then it is duplicative of the action in Case No. 2:23-cv-6080 and subject to summary dismissal on the basis of being duplicative. *See, e.g., Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (a court has discretion to dismiss a pleading "that merely repeats pending or previously litigated claims").

IT THEREFORE IS ORDERED that this action be summarily dismissed for failure to state a cognizable claim. The pending request to proceed *in forma pauperis* is denied as moot.

Furthermore, because Petitioner has not made a substantial showing of the denial of a constitutional right or that the Court erred in its procedural ruling, Petitioner is not entitled to a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154

L. Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed.2d 542 (2000).

**IT IS SO ORDERED**.

Dated: September 26, 2023

_____
Hon. Fred W. Slaughter
UNITED STATES DISTRICT JUDGE